1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SARAH ERHART, an individual,<br><br>                           Plaintiff,<br><br>     v.<br><br>ZIMMER, INC., a Delaware corporation dba ZIMMER BIOMET; ZIMMER US, INC., a Delaware corporation dba ZIMMER BIOMET; BIOMET, INC., an Indiana corporation dba ZIMMER BIOMET; and DOES 1-10,<br><br>                           Defendants. | Case No. 2:22-cv-00472<br><br>**NOTICE OF REMOVAL**<br><br>(DIVERSITY OF CITIZENSHIP)<br><br>(from King County Superior Court, Case No. 22-2-03423-8-SEA) |

TO:              Clerk of the Court;

AND TO:     Plaintiff Sarah Erhart;

AND TO:     Timothy Emery and Patrick Reddy, Counsel for Plaintiff.

        In accordance with 28 U.S.C. §§ 1332(a), 1441, and 1446(c), Defendants Zimmer, Inc. d/b/a Zimmer Biomet, Zimmer US, Inc. d/b/a Zimmer Biomet, and Biomet, Inc. d/b/a Zimmer Biomet ("Defendants"), by and through the undersigned counsel, hereby remove this action from King County Superior Court to this Court based upon complete diversity of citizenship of the parties.

        In support of its Notice of Removal, the following statement is submitted pursuant to 28 U.S.C. § 1446(a):

NOTICE OF REMOVAL (Diversity) - 1
(Case No. 2:22-cv-00472)

1

**COMMENCEMENT**

2      1.      On March 9, 2022, Plaintiff filed a Complaint in King County Superior Court,

3   which the state court designated as Case No. 22-2-03423-8-SEA.  *See* Declaration of Bryan P.

4   O'Connor in Support of Notice of Removal ("O'Connor Declaration") at ¶2.   On February 11,

5   2022, Plaintiff served the Defendants Biomet, Inc. and Zimmer US, Inc. with copies of the

6   Summons and Complaint.  *Id.* at ¶2.  The remaining corporate defendant was served on a later

7   date.  *Id.* at ¶2.  A true and correct copy of the Complaint is attached hereto as **Attachment A.**

8

**DIVERSITY JURISDICTION**

9      2.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because (1) there

10   is complete diversity of citizenship between the parties; (2) the amount in controversy exceeds

11   $75,000, exclusive of interest and costs; and (3) all other requirements for removal have been

12   satisfied.

13      3.      Defendant Zimmer, Inc. is incorporated in the State of Delaware, and its principal

14   place of business is in the State of Indiana (specifically Warsaw, Indiana), the location of its

15   headquarters and where the corporation's officers direct, control, and coordinate the corporation's

16   activities.  Accordingly, Defendant Zimmer, Inc. is a citizen of the States of Delaware and Indiana.

17   *See* Complaint at ¶ 3.2; Declaration of Julie Brubaker in Support of Notice of Removal ("Brubaker

18   Declaration") at ¶2.

19      4.      Defendant Zimmer US, Inc. is incorporated in the State of Delaware and its

20   principal place of business is in the State of Indiana (specifically Warsaw, Indiana), the location

21   of its headquarters and where the corporation's officers direct, control, and coordinate the

22   corporation's activities.  Accordingly, Defendant Zimmer US, Inc. is a citizen of the States of

23   Delaware and Indiana.  *See* Complaint at ¶ 3.3; Brubaker Declaration at ¶2.

24      5.      Defendant Biomet, Inc. is incorporated in the State of Indiana and its principal place

25   of business is in the State of Indiana (specifically Warsaw, Indiana), the location of its headquarters

26   and where the corporation's officers direct, control, and coordinate the corporation's activities.

27

28

NOTICE OF REMOVAL (Diversity) - 2
(Case No. 2:22-cv-00472)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

Accordingly, Defendant Biomet, Inc. is a citizen of the State of Indiana.  *See* Complaint at ¶ 3.4; Brubaker Declaration at ¶2.

6.     Plaintiff Sarah Erhart resides in the State of Washington.  *See* Complaint at ¶ 3.1. Upon information and belief, Plaintiff is a resident of the State of Washington.  *Id.*

## AMOUNT IN CONTROVERSY

7.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co. LLC v. Owens*, 574 U.S. 81, 89 (2014).

8.     Under Local Civil Rule 101(a), Defendants have a reasonable, good-faith belief that Plaintiff seeks damages in excess of the jurisdictional requirement of $75,000, notwithstanding the fact that the Complaint does not specify the dollar amount of damages being sought, for the reasons stated in paragraphs 9 through 14 below.

9.     Plaintiff asserts three causes of action: (1) failure to pay minimum wage and overtime wages in violation of RCW 49.46.020 and RCW 49.46.130; (2) wage theft in violation of RCW 49.52.050; and failure to furnish accurate wage statements in violation of WAC 296-126-040.  *See* Complaint at ¶¶4.3 through 5.10.   In part, Plaintiff's Prayer for Relief seeks: (1) compensatory damages for lost wages; (2) double damages pursuant to RCW 49.52.070; (3) attorney's fees and costs under RCW 49.46.090, RCW 49.48.030, and RCW 49.52.070; and (4) pre- and post-judgment interest.  *See* Complaint at pg. 6.

10.     Plaintiff was employed by Zimmer US, Inc. from December 2, 2019, until March 7, 2022.  *See* Complaint at ¶4.3.  She alleges that she was misclassified as exempt and never paid for any time worked in excess of forty hours in a workweek.  *See* Complaint at ¶¶4.5 and 4.8. Further, she alleges that she typically worked between forty and seventy hours per week.  *See* Complaint at ¶4.7.

11.     Between December 2, 2019 and April 5, 2020, Plaintiff was paid at a rate of $80,000 per year, which equates to a rate of $38.46 per hour or $57.69 at a time and one half.  *See* O'Connor Declaration at ¶3; Brubaker Declaration at ¶3.  Between April 6, 2020 and May 17,

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

2020, Plaintiff was paid at a rate of $64,000 per year, which equates to a rate of $30.76 per hour or $46.14 at a time and one half.  *See* O'Connor Declaration at ¶3; Brubaker Declaration at ¶4. Between May 18, 2020 and March 21, 2021, Plaintiff was paid a rate of $80,000 per year, which equates to a rate of $38.46 per hour or $57.69 at a time and one half. *See* O'Connor Declaration at ¶3; Brubaker Declaration at ¶5.  Between March 22, 2021 and October 3, 2021, Plaintiff was paid at a rate of $82,800 per year, which equates to a rate of $39.81 per hour or $59.72 at a time and one-half rate.  *See* O'Connor Declaration at ¶3; Brubaker Declaration at ¶6.  Between October 4, 2021 and March 7, 2022, Plaintiff was paid a rate of $92,000 per year, which equates to a rate of $44.23 per hour or $66.35 at a time and one-half rate.  *See* O'Connor Declaration at ¶3; Brubaker Declaration at ¶7.

12.   Assuming Plaintiff worked 45 hours per week, she is claiming $34,985.15 in unpaid wages. *See* O'Connor Declaration at ¶3.  With requested doubling, she is seeking $69,970.30. *Id.*; *see* Complaint at pg. 6.

13.   Additionally, Plaintiff seeks attorneys' fees and costs, which itself is reasonably calculated to exceed the $75,000 amount in controversy requirement.  **Attachment A**, Complaint, Prayer for Relief.  Attorneys' fees are included in computing the amount in controversy.  *E.g., Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018).  This includes the amount of expected future attorneys' fees because they are "at stake" in the litigation.  *Id.* at 794 (quoting from and applying *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018). RCW 49.48.030 and RCW 49.52.070 authorizes an award of reasonable attorneys' fees and costs to a successful plaintiff.  If Plaintiff prevails at trial, it is reasonable to conclude that her attorneys' fee petition alone would exceed $75,000.  *See* O'Connor Declaration at ¶4.

14.   Based upon the foregoing, Plaintiff's Complaint, and her requested relief, the amount in controversy here exceeds $75,000, and this action is between citizens of different states. Therefore, this Court has original jurisdiction over this civil action.  28 U.S.C. § 1332(a)(1).

**STATE COURT PROCEEDINGS**

15. On March 9, 2022, Plaintiff filed her Complaint in King County Superior Court.

16. On March 9, 2022, the King County Superior Court issued an Order Setting Civil Case Schedule.

17. On March 9, 2022, a Case Information Cover Sheet was filed.

18. On March 30, 2022, Defendants' counsel filed a Notice of Appearance.

19. No further proceedings have been had in the state court as of the date of this Notice.

**TIMELY REMOVAL**

20. This Notice of Removal is being timely filed within 30 days of March 11, 2022, when the first two defendants were served with the initial pleading upon which this removal is based. *See* 28 U.S.C. § 1446(b)(2)(B).

**VENUE**

21. Under 28 U.S.C. § 1441(a), this Court is the appropriate venue for removal because it is the federal district court for the district and division where the King County Superior Court case is pending.

**NOTICE TO THE STATE COURT AND TO PLAINTIFF
OF FILING NOTICE OF REMOVAL**

22. Under 28 U.S.C. § 1446(d), and as affirmed in the attached Declaration of Service, Defendants have served Plaintiff with this Notice of Removal and with the Notice to State Court of Removal to Federal Court. Under 28 U.S.C. § 1446(d), a copy of the Notice of Removal is being filed with the King County Superior Court, attached to a pleading entitled Notice to State Court of Removal to Federal Court.

**STATE COURT RECORDS**

23. Under 28 U.S.C. § 1446(a) and LCR 101(b)(1), Defendants are attaching a true and correct copy of the Complaint as **Attachment A**. Under LCR 101(c), a Verification of State Court Records will be filed within 14 days of this Notice of Removal, which will include copies of the original pleadings, as well as copies of all additional records and proceedings appearing in the state court file,

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

under a verification by counsel that these are true and complete copies of all the records and proceedings in the state court proceeding.

24.     Defendants reserve the right to amend or supplement the statement of Defendants' grounds for removal of this case based upon discovery exchanged between the parties or circumstances that become known during the investigation of the case.

25.     Based on the above, Defendants respectfully ask this Court to accept removal of this action on the ground of diversity jurisdiction.

DATED this 8th day of April, 2022.

Respectfully submitted,

JACKSON LEWIS P.C.

By: _____
Bryan P. O'Connor, WSBA #23867
520 Pike Street, Suite 2300
Seattle, WA 98101
Telephone: (206) 626-6423
Bryan.OConnor@jacksonlewis.com

By: _____
Megan Burrows Carpenter, WSBA #45941
520 Pike Street, Suite 2300
Seattle, WA 98101
Telephone: (206) 626-6427
Megan.Carpenter@jacksonlewis.com

Counsel for Defendants

**DECLARATION OF SERVICE**

The undersigned declares under penalty of perjury under the laws of the State of Washington that a true and accurate copy of the document to which this declaration is affixed was sent to the following:

| | |
|---|---|
| Timothy W. Emery, WSBA #34078<br>Patrick B. Reddy, WSBA #34092<br>EMERY \| REDDY, PLLC<br>600 Stewart Street, Suite 1100<br>Seattle, WA 98101<br>Telephone: (206) 442-9106<br>Facsimile: (206) 441-9711<br>Email: emeryt@emeryreddy.com<br>          reddyp@emeryreddy.com | ☒ via CM/ECF System<br>☒ via Electronic Mail<br>☐ via USPS Mail<br>☐ via Federal Express<br>☐ via Hand-delivery<br>☐ Other: _____ |

Counsel for Plaintiff

DATED this 8ᵗʰ day of April, 2022.

_____
Tanya Stewart

4871-7530-8570, v. 1

NOTICE OF REMOVAL (Diversity) - 7
(Case No. 2:22-cv-00472)