# ATTACHMENT A

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| SARAH ERHART, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ZIMMER, INC., a Delaware corporation dba ZIMMER BIOMET; ZIMMER US, INC., a Delaware corporation dba ZIMMER BIOMET; BIOMET, INC., an Indiana corporation dba ZIMMER BIOMET; and DOES 1-10,<br><br>Defendants. | No. 22-2-03423-8 SEA<br><br>COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF |

Plaintiff Sarah Erhart ("Plaintiff"), by and through her attorneys, complains and alleges against Defendants Zimmer, Inc. dba Zimmer Biomet, Zimmer US, Inc. dba Zimmer Biomet, and Biomet, Inc. dba Zimmer Biomet (collectively, "Defendants") as follows:

## I. NATURE OF THE CASE

1.1 This is an action against Defendants for their violations of Washington's wage and hour laws, including Defendants' failure to pay minimum wage for all hours worked, failure to pay overtime, and failure to furnish accurate wage statements.

///

///



**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

## II. JURISDICTION AND VENUE

2.1 This Court has jurisdiction over this cause of action under RCW 2.08.010.

2.2 Venue is proper in this Court pursuant to RCW 4.12.020 and/or RCW 4.12.025 because the acts and omissions alleged took place in whole or in part in King County, Washington and Defendants transact business in King County, Washington.

## III. PARTIES

3.1 Plaintiff Sarah Erhart is a resident of Clark County, Washington and worked for the Defendants in King County, Washington, as well as in Oregon, Idaho, Hawaii, Northern California, and Indiana. Plaintiff is, and at all times relevant to this matter was, an employee of Defendants as such term is defined in the statutes listed herein.

3.2 Defendant Zimmer, Inc. ("Zimmer") is a Delaware corporation doing business as Zimmer Biomet. Zimmer regularly conducts business in King County, Washington. Zimmer is, and at all times relevant to this matter was, an employer as such term is defined in the statutes listed herein.

3.3 Defendant Zimmer US, Inc. ("Zimmer US") is a Delaware corporation doing business as Zimmer Biomet. Zimmer US regularly conducts business in King County, Washington. Zimmer US is, and at all times relevant to this matter was, an employer as such term is defined in the statutes listed herein.

3.4 Defendant Biomet, Inc. ("Biomet") is an Indiana corporation doing business as Zimmer Biomet. Biomet regularly conducts business in King County, Washington. Biomet is, and at all times relevant to this matter was, an employer as such term is defined in the statutes listed herein.

3.5 Defendants Does 1-10 are as yet unknown individuals or business entities who or which may hold an ownership interest in Zimmer, Inc., Zimmer US, Inc., and/or Biomet, Inc.

///

///



**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

## IV. STATEMENT OF FACTS

4.1 Plaintiff incorporates by reference and re-alleges paragraphs 1.1 – 3.5 as if fully set forth herein.

4.2 Defendants design, manufacture, market, and service medical devices, including robotic surgical systems.

4.3 On approximately December 2, 2019, Defendants hired Plaintiff as a Technical Services Specialist. In approximately December 2020, Defendants promoted Plaintiff to Field Service Senior Engineer I. In approximately October 2021, Defendants promoted Plaintiff to Field Service Senior Engineer II.

4.4 Plaintiff travels to various hospitals in Washington, Oregon, Idaho, Hawaii, Northern California, and Indiana to install and service robotic surgical systems ("robots"), including performing preventative and corrective maintenance. Plaintiff wears a toolbelt and carries approximately 75 lbs of tools and equipment to the job sites.

4.5 At all times relevant to this matter, Defendants misclassified Plaintiff as exempt and refused to pay her overtime.

4.6 Defendants require Plaintiff to track her time and turn in time sheets.

4.7 Plaintiff typically works 40-70 hours per week.

4.8 Defendants do not pay Plaintiff for hours worked in excess of 40 in a workweek, including overtime premiums.

4.9 Defendants do not provide Plaintiff with accurate wage statements. Specifically, the wage statements do not accurately reflect all hours worked, overtime earned, or gross wages earned.

4.10 As a result of Defendants' actions and omissions, Plaintiff has been damaged in an amount to be proven at trial.

4.11 The conduct of Defendants as described herein violates the public policy and laws of the State of Washington. Defendants will continue to engage in these alleged violations unless



**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

or until they are enjoined by this Court. A remedy of damages for past violations of public policy and laws is not adequate, and Defendants should be compelled by this Court to comply with said public policies and laws, specifically, but without limitation, by paying Plaintiff for all hours worked and issuing accurate wage statements.

## V. CAUSES OF ACTION

5.1 Plaintiff incorporates by reference and re-alleges paragraphs 1.1 – 4.11 as if fully set forth herein.

### FIRST CAUSE OF ACTION
### FAILURE TO PAY MINIMUM WAGE AND OVERTIME WAGES
### VIOLATION OF RCW 49.46.020 AND RCW 49.46.130

5.2 Defendants failed to pay Plaintiff for the hours she worked in excess of 40 in a workweek.

5.3 Defendants' failure to pay Plaintiff at least minimum wage for all hours worked in excess of 40 in a workweek constitutes a violation of RCW 49.46.020.

5.4 Defendants' failure to pay Plaintiff one and one-half times her regular rate of pay for all hours worked in excess of 40 in a workweek constitutes a violation of RCW 49.46.130.

5.5 As a result of Defendants' unlawful actions and omissions, Plaintiff has been damaged in an amount to be established at trial and is entitled to the recovery of such damages, including interest thereon, as well as attorney's fees and costs pursuant to RCW 49.46.090, RCW 49.48.030, and RCW 49.52.070.

### SECOND CAUSE OF ACTION
### WAGE THEFT
### VIOLATION OF RCW 49.52.050

5.6 Washington's Wage Rebate Act, RCW 49.52, prohibits employers from paying employees less than the wages to which they are entitled by any statute, ordinance, or contract. RCW 49.52.050(2).

5.7 As described more fully above, Defendants failed to pay Plaintiff for the hours she worked over 40 in a workweek, and also failed to pay overtime premiums for the overtime hours.



**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

5.8 Defendants' failure to pay Plaintiff the wages to which she is entitled was willful.

5.9 Defendants' conduct constitutes wage theft in violation of RCW 49.52.050.

5.10 As a result of Defendants' unlawful actions and omissions, Plaintiff has been damaged in an amount to be established at trial and is entitled to recovery of twice such damages, including interest thereon and attorney's fees and costs pursuant to RCW 49.12.150, RCW 49.48.030, and RCW 49.52.070.

**THIRD CAUSE OF ACTION**
**FAILURE TO FURNISH ACCURATE WAGE STATEMENTS**
**VIOLATION OF WAC 296-126-040**

5.11 Employers are required to furnish to each employee at the time of payment of wages an itemized statement showing the pay basis (i.e., hours or days worked), rate or rates of pay, gross wages and all deductions for that pay period. WAC 296-126-040.

5.12 The wage statements issued by Defendants do not accurately reflect all hours worked, overtime earned, or gross wages earned.

5.13 Defendants' failure to furnish accurate wage statements to Plaintiff constitutes a violation of WAC 296-126-040.

5.14 As a result of Defendants' unlawful actions and omissions, Plaintiff has been damaged in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION**
**INJUNCTIVE RELIEF**

5.15 As described more fully above, Plaintiff is entitled to an injunction prohibiting Defendants from further violations of state wage laws.

**FIFTH CAUSE OF ACTION**
**DECLARATORY RELIEF**

5.16 As described more fully above, Plaintiff is entitled to a declaration of her right to receive overtime pay and accurate wage statements.



**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

## VI. DAMAGES

6.1 Plaintiff incorporates by reference and re-alleges paragraphs 1.1 – 5.16 as if fully set forth herein.

6.2 Defendants' unlawful conduct with regard to their employment of Plaintiff has caused the following damages:

6.3 Lost back pay, wages, and benefits in amounts to be established at trial;

6.4 Statutory and punitive damages; and

6.5 Out of pocket expenses, litigation costs, and attorney's fees in amounts to be established at trial.

## VII. REQUEST FOR RELIEF

Plaintiff requests that the Court enter judgment against the Defendants as follows:

1. Compensatory damages for lost wages in an amount to be proven at trial;
2. Double damages pursuant to RCW 49.52.070;
3. Preliminary and permanent injunctive relief prohibiting, restraining, and enjoining Defendants from engaging in the conduct complained of herein;
4. Declaratory relief to the effect that Defendants have violated the statutory rights of Plaintiff;
5. Attorney's fees and costs pursuant to RCW 49.46.090, RCW 49.48.030, and/or RCW 49.52.070;
6. Pre- and post-judgment interest;
7. Leave to amend the Complaint to conform to the evidence presented at or prior to trial; and
8. Any additional or further relief which the Court deems equitable, appropriate, or just.

///

///

///



**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

DATED March 9, 2022.

EMERY | REDDY, PLLC

By: ______________________________
TIMOTHY W. EMERY
WSBA No. 34078
PATRICK B. REDDY
WSBA No. 34092
600 Stewart Street, Suite 1100
Seattle, WA 98101
Telephone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
*Attorneys for Plaintiff Sarah Erhart*